UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSTCO WHOLESALE CORPORATION, | CASE NO. C09-470JLR |
| Plaintiff, | ORDER |
| v. | |
| UNITED NATIONAL INSURANCE COMPANY, | |
| Defendant. | |

## I.  INTRODUCTION

This matter comes before the court on Plaintiff Costco Wholesale Corporation's ("Costco") motion for partial summary judgment (Dkt. # 31).  Having reviewed the motion, as well as all papers filed in support and opposition, and having heard oral argument, the court GRANTS in part the motion for summary judgment (Dkt. # 31).

## II. BACKGROUND

### A. Snow Plow Agreement Between Costco and General Snow

On November 23, 2005, Costco entered into an agreement with General Snow Services, Inc. ("General Snow"). (Compl. (Dkt. # 1), Ex. 1.) Pursuant to the agreement, General Snow agreed to provide snow plow and ice melt services for Costco's warehouse in Staten Island, New York. (*Id.*) General Snow further agreed to maintain commercial general liability ("CGL") insurance and to have Costco named as an additional insured under its insurance policy. (*Id.*)

### B. Insurance Policy Between General Snow and United National

General Snow had Costco named as an additional insured on its CGL insurance policy with United National. (Compl., Ex. 2.) The endorsement adding Costco as an additional insured provides as follows:

> This endorsement modifies insurance provided under the following:
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> WHO IS AN INSURED (SECTION II) is amended to include the person or organization shown in the Schedule below, but only as respects liability imposed or sought to be imposed on such additional insured because of an alleged act or omission of the named insured.
>
> 1. If liability for injury or damage is imposed or sought to be imposed on the additional insured because of:
>
>   a. Its own acts or omissions, this insurance does not apply;
>
>   b. Its acts or omissions and those of the named insured, as to defense of the additional insured, this insurance will act as coinsurance with any other insurance available to the additional insured, in proportion to the limits of liability of all involved policies, and the Other Insurance

> provisions of this policy (SECTION IV – CONDITIONS) are amended accordingly. However, this insurance does not apply to indemnity of the additional insured for its own acts or omissions.
>
> 2. If an agreement between the named insured and the additional insured providing indemnity or contribution in favor of the additional insured exists or is alleged to exist, the extent and scope of coverage under this insurance for the additional insured will be no greater than the extent and scope of indemnification of the additional insured which was agreed to by the named insured.

(Declaration of Robert Berg ("Berg Decl.") (Dkt. # 33), Ex. 5 at 44.) The schedule listed on the endorsement refers to an endorsement dated November 1, 2003, which lists Costco as an additional insured. (*Id.*, Ex. 5 at 11.)

**C.  New York State Court Action Against Costco and General Snow**

On December 8, 2005, Daniel J. Busa and his wife (collectively, "the Busas") filed a complaint in the Supreme Court of the State of New York, New York County ("Underlying Action"). (Compl. ¶ 6 & Ex. 3; Declaration of James C. Miller ("Miller Decl.") (Dkt. # 32), Ex. 2 ("Busa Compl.")) In the complaint, the Busas allege that Costco, General Snow, and others are liable for bodily injury sustained by Mr. Busa after he slipped and fell while making a delivery at the Costco warehouse in Staten Island, New York. (Busa Compl. ¶¶ 11-12.) The Busas assert causes of action for negligence and loss of consortium. (*Id*. ¶¶ 5-23.) In the first cause of action, the Busas assert a negligence claim against Costco for alleged failure to maintain the premises, to inspect the premises, and to warn Mr. Busa of certain dangers (*Id*. ¶¶ 5-13); in the second cause of action, the Busas assert that all of the defendants, including Costco, are

liable as a result of General Snow's alleged negligent performance of its snow plow and ice melt services under its agreement with Costco (*Id*. ¶¶ 14-18); and in the third cause of action, the Busas assert a cause of action for loss of consortium (*Id*. ¶ 19-23). Costco notified United National of the Underlying Action, and United National agreed to defend Costco under a reservation of rights. (Compl. ¶ 14; Miller Decl., Ex. 3.)

On April 14, 2008, the state court denied in part Costco's motion for summary judgment because there were genuine issues of material fact regarding the negligence claims. (Order of April 14, 2008 ("Order I") (Dkt. # 37) at 8.) Specifically, the state court reasoned as follows:

> [T]his court finds that there are triable issues of fact as to whether defendant Costco, which had a non-delegable duty to keep the premises safe and/or to warn plaintiff of a dangerous condition, had actual or constructive notice of the alleged ice condition, and as to whether defendant [General Snow] created and/or exacerbated the alleged dangerous condition by their actions on the date of the accident.

(*Id*.) The state court also concluded that General Snow was "contractually obligated to indemnify, defend and hold Costco harmless to the extent that it is determined that plaintiff's accident resulted from [General Snow's] work under its agreement." (*Id*. at 10.)

On October 21, 2008, the state court denied a motion to amend brought by General Snow to add the affirmative defense that Costco was not entitled to indemnification by General Snow for its own negligent acts or omissions. (Order of October 21, 2008 ("Order II") (Dkt. # 37) at 1-2.) In this order, after denying the motion

to amend as untimely, the state court noted as follows: "Moreover, there appears to be no need for the assertion of the proposed affirmative defense since Costco concedes that it may not be indemnified for its own negligence." (*Id*. at 2.)

On November 6, 2008, United National notified Costco that it was denying coverage and would no longer provide a defense for Costco in the Underlying Action. (Miller Decl., Ex. 4.) In response, on March 16, 2009, Costco filed the instant action in the Superior Court for King County, Washington. In April 2009, United National removed the case to this court on the basis of diversity jurisdiction.

On May 8, 2009, the Busas and General Snow executed a settlement agreement. (Declaration of Lance J. Kalik ("Kalik Decl.") (Dkt. # 35), Ex. A.) The settlement agreement provides, *inter alia*:

> [The Busas] agree that they will not pursue Costco for any liability attributable to the negligence of General Snow as set forth in the Second Cause of Action of the Complaint (which has been discontinued with prejudice), but rather will seek to impose liability on Costco for Costco's own alleged negligence with regard to the Accident as set forth in the First Cause of Action of the Complaint.

(Kalik Decl., Ex. A § 4 ¶ C.)

### III.  ANALYSIS

**A.  Legal Standard**

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c);

*see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing there is no material factual dispute and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the nonmoving party must present affirmative evidence to demonstrate specific facts showing that there is a genuine issue for trial. *Galen*, 477 F.3d at 657.

**B.    Conflict of Law**

The court, sitting in diversity, applies Washington's choice of law rules to determine the controlling substantive law. *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002). Under Washington law, "[w]hen parties dispute choice of law, there must be an actual conflict between the laws or interests of Washington and the laws or interests of another state before Washington courts will engage in a conflict of laws analysis." *Erwin v. Cotter Health Ctrs.*, 167 P.3d 1112, 1120 (Wash. 2007).

United National argues that New Jersey law applies in this matter instead of Washington law. (Resp. (Dkt. # 34) at 13-18.) Despite United National's assertion that New Jersey and Washington apply different standards to determine whether an insurer owes a duty to defend, United National has not shown that these standards are

substantively different or that they would lead to different results in this case.[1] On the one hand, Washington law provides that "[a]n insurer has a duty to defend when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." *Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454, 459 (Wash. 2007) (quotations omitted). On the other hand, under New Jersey law, "[w]hether an insurer has a duty to defend is determined by comparing the allegations in the complaint with the language of the policy." *Voorhees v. Pref. Mut. Ins. Co.*, 607 A.2d 1255, 1259 (N.J. 1992). Courts applying New Jersey law resolve doubts in favor of the insured. *Id.* The court is not persuaded that there exists an actual conflict between the law of New Jersey and the law of Washington. The court therefore declines to engage in a choice of law analysis and will apply Washington law to this matter. *Erwin*, 167 P.3d at 1120.

## C. Duty to Defend

As discussed above, an insurer owes a duty to defend when the complaint against the insured, construed liberally, alleges fact which could, if proven, impose liability upon the insured within the scope of the policy's coverage. *Woo*, 164 P.3d at 459. The parties do not dispute that United National originally owed a duty to defend Costco based on the complaint in the Underlying Action. Instead, they dispute whether United National breached its duty to defend when it denied coverage and ceased defending

---

[1] At oral argument, counsel for United National all but conceded that no actual conflict of laws exists.

Costco in November 2008. The crux of the issue is whether the state court's rulings altered United National's duty to defend. The parties agree that the insurance policy does not provide coverage to Costco for liability arising from its own acts or omissions. (Mot. at 3; Resp. at 18.) The parties also agree that the insurance policy does provide coverage to Costco for liability based on General Snow's acts or omissions, namely, General Snow's alleged negligence in the Underlying Action. (Mot. at 3; Resp. at 18.)

Having reviewed the complaint and the state court's orders in the Underlying Action, the court agrees with Costco that nothing in the state court's orders relieved United National of its duty to defend. In its order of April 14, 2009, the state court emphasized that there were triable issues of fact as to whether Costco had notice of the alleged icy condition and whether General Snow created or exacerbated the dangerous condition. Although the state court noted in its order of October 27, 2008, that "Costco concedes that it may not be indemnified for its own negligence," this merely confirms the parties' understanding of the limits of coverage. A liberal reading of the complaint demonstrates the existence of facts which could, if proven, impose liability within the scope of the policy's coverage. In particular, the complaint, construed liberally, alleges causes of action against Costco predicated on General Snow's actions and against Costco based on the actions of its agents. Irrespective of the legal and factual merits of these claims, the court is persuaded that the complaint can reasonably be interpreted as setting forth a covered claim. Therefore, the court concludes that United National breached its duty to defend.

The court rejects United National's argument that the settlement agreement establishes that it had no duty to defend. United National has not shown that the settlement agreement, which was executed on May 8, 2009, is relevant to the question whether United National breached its duty to defend in late 2008. Although the court declines to consider how, if at all, the settlement agreement has affected United National's duty to defend, the court is satisfied that the settlement agreement does not alter the court's present analysis.

**D.   Request for Attorney's Fees**

An insured may be entitled "to recoup attorney fees that it incurs because an insurer refuses to defend or pay the justified action or claim of the insured, regardless of whether a lawsuit is filed against the insured." *Olympic S.S. Co., Inc. v. Centennial Ins. Co.*, 811 P.2d 673, 681 (Wash. 1991). The court declines to determine whether attorney's fees are appropriate at this time.

**IV.   CONCLUSION**

For the foregoing reasons, the court GRANTS in part Costco's motion for summary judgment (Dkt. # 31).

Dated this 27th day of November, 2009.

JAMES L. ROBART
United States District Judge